UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ROYAL BIRDEN**                                                                 **CIVIL ACTION**

**VERSUS**                                                                          **NO. 18-6622**

**JEFFERSON PARISH**                                                   **SECTION: "A"(3)**
**CORRECTIONAL CENTER**

## REPORT AND RECOMMENDATION

Plaintiff, Royal Birden, a state pretrial detainee, filed this *pro se* and *in forma pauperis* civil action against the Jefferson Parish Correctional Center pursuant to 42 U.S.C. § 1983.[1] In this lawsuit, he claims that he contracted food poisoning from a meal served to him at the jail on July 9, 2017. As relief, he seeks $100,000.00 in damages.

With respect to actions filed *in forma pauperis*, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i)    is frivolous or malicious;
> (ii)   fails to state a claim on which relief may be granted; or
> (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

---

[1] In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

42 U.S.C. § 1983.

Federal law also mandates that federal courts screen cases, such as the instant one, "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[2] Regarding such lawsuits, federal law similarly requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches

---

[2] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (footnote, citation, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[3] the undersigned recommends that, for the following reasons, the complaint be dismissed as frivolous and/or for failing to state a claim upon which relief may be granted.

As an initial matter, it must be noted that the sole defendant in this lawsuit, the Jefferson Parish Correctional Center, is an improper defendant. A correctional center may not be sued because it is merely a building, not a "person" subject to suit under 42 U.S.C. § 1983. See, e.g., Culbertson v. J.P.S.O., Civ. Action No. 16-15958, 2017 WL 5133209, at *3 (E.D. La. Nov. 6, 2017); Mitchell v. Jefferson Parish Correctional Center, Civ. Action No. 13-4963, 2013 WL 6002770, at *3 (E.D. La. Nov. 12, 2013); Stamps v. Jefferson Parish Correctional Center, Civ. Action No. 12-1767, 2012 WL 3026808, at *2 (E.D. La. July 12, 2012), adopted, 2012 WL 3027945 (E.D. La. July 24, 2012); Castellanos v. Jefferson Parish Correctional Center, Civ. Action No. 07-7796, 2008 WL 3975606, at *5 (E.D. La. Aug. 22, 2008).

"Generally, … a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." Brewster v. Dretke, 587 F.3d 764, 767-68 (5th Cir. 2009). Here, however, plaintiff need not be afforded such an opportunity because any amendment to name a proper

---

[3] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

3

defendant would be futile in light of the fact that his underlying claim simply is not a federal constitutional violation actionable under § 1983. See id. at 768 ("Granting leave to amend is not required … if the plaintiff has already pleaded his 'best case.'"); accord Smith v. Terrebonne Parish Criminal Justice Complex, Civ. Action No. 14-2207, 2014 WL 5780696, at *3 (E.D. La. Nov. 4, 2014) ("[T]he Court need not give plaintiff an opportunity to amend his complaint to name a proper defendant, because it is clear that his underlying claim is frivolous and/or fails to state a claim on which relief may be granted ….").

As noted, plaintiff claims that he contracted food poisoning from a meal served to him at the Jefferson Parish Correctional Center on July 9, 2017. However, plaintiff is at least the second inmate filing a lawsuit concerning the widespread food poisoning which at occurred at the jail on that date. In recommending the dismissal a similar claim filed by another inmate, United States Magistrate Judge Michael B. North noted:

> Plaintiff alleges that he became ill after consuming reportedly contaminated prison food on July 9 or 10, 2017. In George v. King, 837 F.2d 705 (5th Cir. 1988), the Fifth Circuit affirmed a district court's dismissal of a prisoner's complaint as frivolous under 28 U.S.C. § 1915(d)(the predecessor statute to § 1915(e)(2)(B)(i)), holding that a single incident of unintended food poisoning, whether suffered by one or many prisoners at an institution, did not constitute a violation of the prisoner's constitutional rights. Id. at 707. The Court likened the situation to "... the kind occasionally experienced by those in military service or in other institutional settings, as well as individually in the more routine course of daily life." Id. The negligent preparation of a single meal does not rise to the level of a constitutional violation. Id. (citing Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662 (1986) (and other cases)). "Were it otherwise, the federal courts would of necessity become the forums for determining the propriety and desirability of virtually all details of prison food service management and procedures, as in such institutional settings occasional food poisoning of this character, which is not productive of truly serious medical complications or permanent injury, is almost inevitable." Id. The George decision continues to be good law in the Fifth Circuit. See, e.g., Doolittle v. Jarvis, 387 Fed. Appx. 499, 500 (5th Cir. 2010); Miller v. St. Tammany Parish Jail, No. 08-CV-4694, 2008 WL 5111146 at *2 (E.D. La. Dec. 4, 2008); Thomas v. Rayburn Correctional, No. 07-CV-9203, 2008 WL 417759 at *2 (E.D. La. Feb. 13, 2008). While the episode of which Plaintiff complains may have

been unpleasant, the holding in George effectively defeats his claim regarding negligent food preparation.

Holmes v. Jefferson Parish Correction Center "Kitchen CBM," Civ. Action No. 17-10927, 2018 WL 1611791, at *1 (E.D. La. Mar. 15, 2018) (North, M.J.), adopted, 2018 WL 1605076 (E.D. La. Apr. 3, 2018) (Zainey, J.).  For those same reasons, plaintiff's claim likewise fails.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be dismissed as frivolous and/or for failing to state a claim upon which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this thirty-first day of July, 2018.

*[signature: Daniel E. Knowles, III]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**